UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION


FILED
JUL 13 2009

*******************************************************************************

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 05-30106(01)-CBK |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND AMENDED ORDER |
| PATRICK LEFT HAND BULL, | |
| Defendant. | |

*******************************************************************************

On July 7, 2009, this Court held a preliminary hearing following the filing of, and Defendant, Patrick Left Hand Bull's initial appearance on, a petition to revoke supervised release. During the hearing, Plaintiff, United States of America (Government) offered, but the Court refused to admit, Exhibits 3 (24/7 Sobriety Program Report) and 4 (City/County Alcohol and Drug Program Progress Notes). The Court also took under advisement Exhibit 6 (Drug Test Report) that was likewise offered by the Government. At the conclusion of the hearing, the Court found probable cause to believe that Defendant violated conditions of his supervised release as alleged in paragraphs 1, 2, 5, 6, 7 and 8 of the revocation petition and held Defendant to answer these paragraphs of the petition. Upon further reflection and review of applicable precedent, the Court now modifies its prior findings, conclusions and order as discussed below.

I.

Defendant objected to the receipt of Exhibits 3, 4 and 6 into evidence on Confrontation Clause and hearsay grounds. Specifically, he claimed that the admission of

such exhibits violated the pronouncements of the Supreme Court's recent decision in Melendez-Diaz v. Massachusetts, No. 07-591, 2009 WL 1789468 (June 25, 2009) and the Court's prior dictates in Crawford v. Washington, 541 U.S. 36 (2004). After re-reading Melendez-Diaz and Crawford, the Court is convinced that they do not apply to, or prohibit the admission of, alcohol and drug test results at a preliminary hearing in a supervised release revocation matter.

Both of these cases dealt with the admission of testimonial hearsay evidence at trial, which the Supreme Court held, violated the defendants' constitutional rights under the Confrontation Clause. The Court, however, has previously observed that a revocation proceeding is not the same as a criminal trial. See United States v. Martin, 382 F.3d 840, 844 (8th Cir. 2004) (citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). The Sixth Amendment only applies to "criminal prosecutions" and a revocation of supervised release is not a part of such a prosecution. Id. "Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special [ ] restrictions," and thus the full protection provided to a criminal defendant under the Confrontation Clause does not apply to revocation cases. United States v. Ray, 530 F.3d 666, 668 (8th Cir. 2008) (quoting Morrissey, 408 U.S. at 480). For this reason, Crawford, and by extension, Melendez-Diaz, are not implicated in a supervised release revocation proceeding. Ray, 530 F.3d at 668; Martin, 382 F.3d at 844, n. 4; see also United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005); United States v. Aspinall, 389 F.3d 332, 342 (2d Cir. 2004).

II.

Applying these precepts to the instant case, leads inescapably to the conclusion that Exhibits 3, 4 and 6, while arguably testimonial hearsay, are nonetheless admissible for purposes of determining probable cause at a preliminary hearing on a supervised release revocation petition. See Fed. R. Evid. 1101(d)(3). The Court therefore erred in refusing to receive Exhibits 3 and 4 into evidence and reverses its prior ruling in that regard. The Court also rules now that Exhibit 6 should be admitted into evidence on the issue of probable cause.

III.

The receipt of Exhibit 3 into evidence, necessarily requires that the Court's determination, that probable cause was lacking as to paragraph 3 of the revocation petition (alleging that Defendant had violated its Standard Condition No. 7 of the conditions of his supervised release), be reversed. The Court is satisfied that a .060 result on the portable breath test administered to Defendant is sufficient evidence to establish that he used or consumed an excessive amount of alcohol on or about February 8, 2009. The Court, however, leaves in tact its prior determination that the Government had failed to sustain its burden of showing a violation of this same Standard Condition on or about April 25, 2009, finding and concluding that a portable breath test result of .030 (as reflected in Exhibit 4) does not constitute excessive use/consumption of alcohol. This being the case, the Court's July 7, 2009 Order shall be modified accordingly.

IV.

Based on the foregoing and good cause appearing, it is hereby

ORDERED that Defendant shall forthwith be held to answer paragraphs 1, 2, 3, 5, 6, 7 and 8 of the Petition to Revoke Supervised Release, Docket No. 120, at a revocation hearing to be later set by the Court after consultation with counsel. It is further

ORDERED that Defendant shall remain detained in the custody of the Marshal's Service as previously ordered.

Dated this 10th day of July, 2009, at Pierre, South Dakota.

**BY THE COURT:**

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** _____
　　　　　　　　Deputy
**(SEAL)**